# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| In re JOSEPH R. WEST, III and KAREN B. WEST, | ) Case No. 12-60595-LYN |
| | ) |
| | ) Chapter 13 |
| Debtors, | ) |
| | ) |

## MEMORANDUM

This matter comes before the court on a motion for relief from the automatic stay filed by TMC Finance, LLC, d/b/a CNAC ("CNAC") seeking permission to repossess a vehicle belonging to Karen B. West ("the Debtor"). The motion will be denied.

### *Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law.

### *Facts*

On or about July 8, 2010, Tabitha Fae Freeman and Charles Martin Freeman, as co-Debtors, financed a 2002 Ford Taurus ("the vehicle") through CNAC under a retail installment sale contract ("the Contract"). Mrs. Freeman is the daughter of the Debtor. The Debtor did not sign or co-sign the Contract.

The Vehicle was titled in the name of the Debtor and Mrs. Freeman, evidently for insurance purposes. Mr. Freeman's name was not placed on the title.

On March 13, 2012, the Debtor filed a joint petition in bankruptcy with her husband, thus

1

initiating the above-styled Chapter 13 case.

The Debtor and her husband filed a Chapter 13 plan ("the Plan"). The Plan provides for the Debtor to make payments to CNAC, but at a lower monthly payment rate and interest rate than provided for by the Contract. The Contract currently calls for twice-monthly payments of $189.74. The Debtor is currently making adequate protection payments of $40.00 per month. Consequently, the payments due under the Contract were approximately $570.00 in arrears on the date of the hearing on this matter.

## *Discussion*

It is first necessary to consider the two fundamental concepts of bankruptcy, property of the estate and claims against that property. The first issue is whether the Vehicle is property of the estate. The Debtor and her husband filed a joint petition under 11 U.S.C. § 302. The filing of a petition under Section 302 creates an estate. Such estate is comprised of certain property, wherever located and by whomever held, including all legal or equitable interests of the debtor in property as of the commencement of the case.   11 U.S.C. § 541(a). The Debtor's interest in the Vehicle constitutes property of the estate.

The second issue whether CNAC has a claim against the estate. A debt is defined as a liability on a claim. 11 U.S.C. § 101(12). A claim is any secured or unsecured right to payment arising in law or equity. 11 U.S.C. § 101(5). The Debtor is not legally obligated to make any payments to CNAC because she is not a signatory to the Contract.   Consequently, CNAC has no claim, either secured or unsecured, against the debtor.[1]

The motion for relief from the automatic stay is brought under 11 U.S.C. § 362(d)(1) &

---

[1] Whether it is proper for the Debtor to provide for the debt owed to CNAC by the Freemans is an issue that is not now before the court.

(2). Section 362(d)(1) provides that the stay may be lifted "for cause, including the lack of adequate protection of an interest in property of such party in interest . . ." CNAC argues that the stay should be lifted because the Freemans have failed to timely make the installment payments. The argument must fail with respect to the Debtor because CNAC has no claim against the Debtor and has no lien on the Debtor's interest in the Vehicle.

The fact that the Freemans have failed to timely make the installment payments would be reason to grant relief with respect to the co-debtor stay found at 11 U.S.C. § 1301, except that the co-debtor stay does not apply to the Freemans because they are not co-debtors of the Debtor. Section 1301 provides that after the order for relief under Chapter 13, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer *debt of the debtor* from any individual that is liable on such debt with the debtor. As noted above the debt owed to CNAC is not a debt of the Debtor. Consequently, there is no co-debtor stay with respect to the Freemans.

CNAC also asserts that relief is appropriate for cause under Section 362(d)(1) because it lacks adequate protection over its collateral. As noted, CNAC has no interest in the Debtor's interest in the Vehicle. Consequently, it has no interest that lacks adequate protection.

CNAC also argues that relief should be granted under 11 U.S.C. § 362(d)(2) which provides that the the court shall grant relief from the automatic stay with respect to a stay of an act against property of the estate under section 362(a) if the debtor does not have equity in such property and such property is not necessary to an effective reorganization. In this instance, the Debtor holds her interest in the Vehicle free and clear of any interest of CNAC or any other entity. Consequently, the Debtor has equity in the Vehicle and relief is not appropriate under

Section 362(d)(2).

There is no basis for relief from the automatic stay found at 11 U.S.C. § 362(a) with respect to the Debtor's interest in the Vehicle.

### **ORDER**

For the reasons stated herein, the motion of TMC Finance, LLC, d/b/a CNAC for relief from the stay with respect to the interest of Karen B. West in the 2002 Ford Taurus that is the subject of CNAC's motion shall be, and hereby is, denied.

Upon entry of this memorandum and order, the Clerk shall forward copies of this memorandum to the Chapter 13 trustee, Stephen E. Dunn, Esq., and J. Frederick Watson, Esq.

Entered on this  29th  day of May, 2012.

William E. Anderson
United States Bankruptcy Judge